UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| KEVIN P. MILLER, | ) |
| --- | --- |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:05-CV-1546-CDP |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| CHARLES SHAW, UNKNOWN | ) |
| NEWMAN, UNKNOWN RADER and | ) |
| UNKNOWN CLEVENGER, | ) |
| | ) |
| Defendants. | ) |

## ORDER AND MEMORANDUM

This matter is before the Court upon the application of Kevin P. Miller for leave to commence this action without payment of the required filing fee [Doc. 1]. *See* 28 U.S.C. § 1915(a). Upon consideration of the financial information provided with the application, the undersigned finds that the applicant is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915(a).

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle

him to relief.  *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction.  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless.  *Denton v. Hernandez*, 504 U.S. 25, 31-32 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds, Davis v. Scherer*, 468 U.S. 183 (1984).

**The complaint**

Plaintiff seeks monetary and declaratory relief in this action brought pursuant to 42 U.S.C. § 1983.  The defendants are United States of America, Charles Shaw (Judge), Unknown Newman (Judge), Unknown Rader (Judge) and Unknown Clevenger (Judge).

Plaintiff alleges that defendant judges improperly dismissed his case, *Miller v. Miller-Fitzgibbons*, 4:05-00030-CAS (E.D.Mo.), *appeal dismissed,* 05-1234 (Fed. Cir. July 5, 2005).  He makes no allegations against defendant United States.

**Discussion**

A review of plaintiff's complaint indicates that his claims against defendants are legally frivolous because, under the facts alleged, all defendants are immune from suit.  Plaintiff claims that defendants Shaw, Newman, Rader and Clevenger improperly dismissed his case in which he challenged a custody order, parenting plan and support order filed in "Saint Louis family court." Judges are immune from liability for damages under § 1983 where the alleged wrongdoings were performed within their judicial capacity.  *See Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). Defendants Shaw, Newman, Rader and Clevenger were acting within their judicial capacity when they

dismissed plaintiff's case and appeal. Accordingly, they are immune from liability for damages under § 1983.

Plaintiff's claim against the United States fails both because plaintiff has made no allegations against defendant United States and because the United States is immune from suit under the doctrine of sovereign immunity, except where it consents to be sued. *See Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 410 (1971) (Harlan, J., concurring); *Laswell v. Brown*, 683 F.2d 261, 268 (8th Cir. 1982). Therefore, plaintiff's complaint should be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. 1] be **GRANTED**. *See* 28 U.S.C. § 1915(a).

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the allegations are frivolous. *See* 28 U.S.C. § 1915(e)(2)(b).

An appropriate order shall accompany this order and memorandum.

Dated this 30th day of November, 2005

.

_____
**UNITED STATES DISTRICT JUDGE**